**Penn Dodson (PD 2244)**
GOLDBERG & DOHAN, LLP
275 Madison Avenue
Suite 705
New York, NY 10016
(646) 502-7751 direct
(800)719-1617 main
(212) 406-4779 fax
*pdodson@goldbergdohan.com*

Attorney for Plaintiff

**CV11-00741**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 14 2011 ★

**BROOKLYN** OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK** **SUMMONS ISSUED**

| VENICIO CONCEPCION | COMPLAINT FOR DAMAGES |
|---|---|
| Plaintiff, | Case No. _____ |
| v. | IRIZARRY, J. |
| JEWISH INSTITUTE OF QUEENS, | <u>JURY TRIAL REQUESTED</u> |
| Defendant. | LEVY M.J |

   Plaintiff Venicio Concepcion worked as a custodian for Defendant's school for almost five years. Despite the fact that Plaintiff regularly worked more than 40 hours per week in a nonexempt position, Defendant refused to pay him time and a half for overtime, instead wrongfully paying him a "straight time" rate. To challenge these and other wage violations, Plaintiff, by and through his attorneys, complains of Defendant Jewish Institute of Queens, as follows:



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

## INTRODUCTION

1. Plaintiff brings this action to recover unpaid wages, overtime and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA").

2. Plaintiff also brings this action to recover unpaid wages, overtime and other damages under the provisions of the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

3. Plaintiff also brings correlative unjust enrichment and breach of contract claims associated with the same events giving rise to the wage claims.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendant' school located at 60-05 Woodhaven Blvd., Elmhurst, New York 11373 in Queens County.

## PARTIES

### Defendant Jewish Institute of Queens

7. Defendant **Jewish Institute of Queens** is, upon information and belief, a New York corporation doing business within the County of Queens, and whose principal place of



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Concepcion v. Jewish Institute of Queens*
USDC, Eastern District of New York

Complaint
Page 2

business is located at 60-05 Woodhaven Blvd., Elmhurst, New York 11373 in Queens County.

8. At all times material to this action, Defendant Jewish Institute of Queens was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

9. At all relevant times, Defendant Jewish Institute of Queens was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all relevant times, Defendant Jewish Institute of Queens had annual gross revenues in excess of $500,000.

**Plaintiff Venicio Concepcion**

11. Plaintiff Venicio Concepcion is a resident of Manhattan, New York, living in New York County.

12. At all times material to this action, Plaintiff Concepcion was an "employee" within the meaning of 29 U.S.C. § 203(e).

13. Plaintiff Venicio Concepcion worked for Jewish Institute of Queens as a custodian from January 11, 2006 to October 27, 2010.

14. While in this position, Plaintiff Concepcion was paid on an hourly basis at a certain rate of pay.

15. Plaintiff Concepcion's most recent rate of pay was $$9.50 per hour.

16. Plaintiff Concepcion was generally scheduled to work the following shifts: from 12:00 noon to 10:30pm, Monday through Friday.

17. Concepcion generally worked approximately 50 hours per week.


275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Concepcion v. Jewish Institute of Queens*
USDC, Eastern District of New York

Complaint
Page 3

18. Plaintiff Concepcion was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

19. Plaintiff Concepcion worked more than 10 hours on at least some workdays

20. For the days Plaintiff Concepcion worked more than 10 hours Defendant did not pay him an additional one-hour's pay at the applicable minimum wage rate.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

21. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

22. Defendant failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

23. Defendant failed to pay Plaintiff the minimum wage for all hours times he worked, in violation of the FLSA.

*Record-Keeping Failures*

24. At all relevant times, Defendant failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.


275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Concepcion v. Jewish Institute of Queens*
USDC, Eastern District of New York

Complaint
Page 4

*Willful & Not Based On Good Faith & Entitlement to Damages*

25. Defendant had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

26. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

27. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action: NEW YORK LABOR LAW (NYLL) VIOLATIONS

28. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

29. At all relevant times, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Overtime*

30. Defendant failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Spread of Hours*

31. Plaintiff worked more than 10 hours on at least some workdays, but Defendant failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Concepcion v. Jewish Institute of Queens*
USDC, Eastern District of New York

Complaint
Page 5

*Record-Keeping Failures*

32. At all relevant times, Defendant Jewish Institute of Queens failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

33. At all relevant times, Defendant Jewish Institute of Queens failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

34. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Willfulness and Damages*

35. Defendant willfully violated Plaintiff's rights by failing to pay his for all of the hours he actually worked.

36. Defendant willfully violated Plaintiff's rights by failing to pay him at a rate of not less than one and one-half times his regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

37. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action: UNJUST ENRICHMENT

38. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set


275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Concepcion v. Jewish Institute of Queens*
USDC, Eastern District of New York

Complaint
Page 6

forth here.

39. Defendant has been unjustly enriched by withholding monies that rightfully belong to Plaintiff.

40. Defendant is liable to Plaintiff in the amount of compensation unlawfully withheld from to him, along with liquidated damages, interest, litigation costs, attorney fees, and other damages.

### As And For A Fourth Cause of Action: BREACH OF CONTRACT

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

42. Plaintiff and Defendant had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

43. Plaintiff agreed to perform certain functions for Defendant, in exchange for certain compensation.

44. Specifically, Defendant agreed to pay Plaintiff a certain rate of pay for all hours worked, and time and a half that rate of pay for hours over 40 worked in a workweek.

45. By failing to pay Plaintiff for all time worked and/or at his proper overtime rate, Defendant breached its contract of employment with Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)     Award Plaintiff unpaid wages and unpaid overtime wages due under the FLSA and the New York Labor Law;


275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Concepcion v. Jewish Institute of Queens*
USDC, Eastern District of New York

Complaint
Page 7

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E) Award Plaintiff interest;

(F) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this _9th_ day of February_, **2011.**

GOLDBERG & DOHAN, LLP

**Penn U. Dodson (PD 2244)**
*pdodson@goldbergdohan.com*
Attorney for Plaintiffs

275 Madison Ave., Ste. 705
New York NY 10016
(646) 502-7751 direct
(800)719-1617 main



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com