UNITED STATES DISTRICT OF NEW YORK
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VENICIO CONCEPCION,                              :
                                                 :
                    Plaintiff,                    :
                                                 :
            v.                                    :      No. CV 11-741(DLI)(RML)
                                                 :
JEWISH INSTITUTE OF QUEENS,                       :
                                                 :
                    Defendant.                    :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## ANSWER AND DEFENSES TO THE COMPLAINT

Defendant Jewish Institute of Queens ("JIQ") hereby responds to Complaint filed by

plaintiff Venicio Concepcion ("Concepcion"), and asserts the additional defenses, as follows:

## OPENING PARAGRAPH

The Opening Paragraph on page 1 of the Complaint contains a summary, to which no

response is required.  To the extent that a response is deemed necessary, JIQ denies the

allegations contained in the Opening Paragraph, including that Concepcion is entitled to any

relief whatsoever, except admits that Concepcion worked for JIQ as a custodian from January 11,

2006 to October 27, 2010.

## INTRODUCTION

1.      JIQ denies the allegations in Paragraph 1, except admits that Concepcion purports

to bring an action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2.      JIQ denies the allegations in Paragraph 2, except admits that Concepcion purports

to bring an action under New York Labor Law, Art. 19, § 650, et seq. ("NYLL").

3.      JIQ denies the allegations in Paragraph 3, except admits that Concepcion purports

to bring actions for unjust enrichment and breach of contract.

## JURISDICTION AND VENUE

4.      JIQ denies the allegations in paragraph 4 of the Compliant, except admits that Concepcion purports to invoke the Court's subject matter jurisdiction under 28 U.S.C. § 1331.

5.      JIQ denies the allegations in paragraph 5 of the Compliant, except admits that Concepcion purports to invoke the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      JIQ denies the allegations in paragraph 6 of the Amended Complaint, except admits that venue is proper in this District.

## PARTIES

7.      JIQ denies the allegations contained in paragraph 7 of the Complaint, except admits that it is a 501(c) tax-exempt organization located in Queens County, New York.

8.      The allegations contained in paragraph 8 of the Complaint state a legal conclusion to which no response is required.

9.      The allegations contained in paragraph 9 of the Complaint state a legal conclusion to which no response is required.

10.     The allegations contained in paragraph 10 of the Complaint state a legal conclusion to which no response is required, except JIQ admits that its annual operating budget exceeds $500,000.

## PLAINTIFF VENICIO CONCEPCION

11.     Based upon information supplied by Concepcion, JIQ admits the allegations in paragraph 11 of the Amended Complaint.

12.     The allegations contained in paragraph 12 of the Complaint state a legal conclusion to which no response is required.

13.     JIQ admits the allegations contained in paragraph 13 of the Complaint.

14.     JIQ admits the allegations contained in paragraph 14 of the Complaint.

15.     JIQ admits the allegations contained in paragraph 15 of the Complaint.

16.     JIQ denies the allegations contained in paragraph 16 of the Complaint.

17.     JIQ denies the allegations contained in paragraph 17 of the Complaint.

18.     JIQ denies the allegations contained in paragraph 18 of the Complaint.

19.     JIQ denies the allegations contained in paragraph 19 of the Complaint.  JIQ avers that it paid Concepcion one hour per each day worked for lunch breaks, during which Concepcion did not work and to which no overtime is owed to him.

20.     JIQ denies the allegations contained in paragraph 20 of the Complaint.  JIQ avers that it paid Concepcion one hour per each day worked for lunch breaks, during which Concepcion did not work and to which no overtime is owed to him.

## FIRST CAUSE OF ACTION

21.     With respect to paragraph 21 of the Complaint, JIQ hereby incorporates its answers to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

22.     JIQ denies the allegations contained in paragraph 22 of the Complaint.

23.     JIQ denies the allegations contained in paragraph 23 of the Complaint.

24.     JIQ denies the allegations contained in paragraph 24 of the Complaint.

25.     JIQ denies the allegations contained in paragraph 25 of the Complaint.

26.     JIQ denies the allegations contained in paragraph 26 of the Complaint.

27.     JIQ denies the allegations contained in paragraph 27 of the Complaint.

## SECOND CAUSE OF ACTION

28.     With respect to paragraph 28 of the Complaint, JIQ hereby incorporates its answers to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

29.     JIQ denies the allegations contained in paragraph 29 of the Complaint.

30.     JIQ denies the allegations contained in paragraph 30 of the Complaint.

31.     JIQ denies the allegations contained in paragraph 31 of the Complaint.

32.     JIQ denies the allegations contained in paragraph 32 of the Complaint.

33.     JIQ denies the allegations contained in paragraph 33 of the Complaint.

34.     JIQ denies the allegations contained in paragraph 34 of the Complaint.

35.     JIQ denies the allegations contained in paragraph 35 of the Complaint.

36.     JIQ denies the allegations contained in paragraph 36 of the Complaint.

37.     JIQ denies the allegations contained in paragraph 37 of the Complaint.

## THIRD CAUSE OF ACTION

38.     With respect to paragraph 38 of the Complaint, JIQ hereby incorporates its

answers to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

39.     JIQ denies the allegations contained in paragraph 39 of the Complaint.

40.     JIQ denies the allegations contained in paragraph 40 of the Complaint.

## FOURTH CAUSE OF ACTION

41.     With respect to paragraph 41 of the Complaint, JIQ hereby incorporates its

answers to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

42.     JIQ denies the allegations contained in paragraph 42 of the Complaint.

43.     JIQ denies the allegations contained in paragraph 43 of the Complaint.

44.     JIQ denies the allegations contained in paragraph 44 of the Complaint.

45.     JIQ denies the allegations contained in paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

JIQ denies that Concepcion is entitled to any relief requested in the "WHEREFORE"

clause on pages 7 through 8 of the Complaint, or to any other relief.

## DEMAND FOR TRIAL BY JURY

JIQ admits that the Complaint includes a demand for trial by jury.

## GENERAL DENIAL

JIQ denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, JIQ asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

Concepcion is not entitled to a spread-of hours premium under New York law.

## THIRD DEFENSE

Concepcion does not have a right to overtime under New York law, and the regulations and/or administrative interpretations, which form the basis of some or all of Concepcion's claims, are invalid, arbitrary, and capricious.

## FOURTH DEFENSE

Any alleged violations by JIQ were not willful.

## FIFTH DEFENSE

Concepcion was exempt from the overtime pay provisions of the FLSA, the NYLL, and related regulations.

## SIXTH DEFENSE

JIQ at all times, and in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations.

## SEVENTH DEFENSE

JIQ's actions with respect to Concepcion were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA and NYLL.

## EIGHTH DEFENSE

Any alleged uncompensated time is *de minimis* and therefore not recoverable.

## NINTH DEFENSE

Concepcion's claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

## TENTH DEFENSE

Concepcion's claims are barred in whole or in part by the applicable statutes of limitations.

## ELEVENTH DEFENSE

Subject to proof through discovery, Concepcion's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

## TWELFTH DEFENSE

Subject to proof through discovery, Concepcion's unjust enrichment and breach of contract claims are barred in whole or in part because they arise out of the same subject matter.

JIQ reserves the right to raise additional affirmative and other defenses as may be appropriate based upon information learned during the course of discovery.

**WHEREFORE**, JIQ requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to JIQ its costs and attorneys' fees; and granting to JIQ such other relief as the Court may deem just and proper.

Dated:  New York, New York                    Respectfully submitted,
      May 2, 2011

                                               SEYFARTH SHAW LLP


                                               By /s/ Aaron Warshaw
                                                Aaron Warshaw
                                           620 Eighth Avenue, 32nd Floor
                                         New York, New York 10018
                                         (212) 218-5500

                                         Attorneys for Defendant
                                         *Jewish Institute of Queens*